**Electronically Filed**
**Intermediate Court of Appeals**
**30542**
**09-NOV-2010**
**02:12 PM**

NO. 30542

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KATHLEEN K.R. BATES,
Trustee of the George R. Rodrigues, Jr., Trust,
Plaintiff-Appellee,

v.

ROBERT S. RODRIGUES and TOVE RODRIGUES,
Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC 08-1-0233H)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Defendants-Appellants Robert S. Rodrigues and Tove Rodrigues (the Rodrigues Appellants) have asserted from the Honorable Melvin H. Fujino's May 12, 2010 third amended judgment for possession, because, under the circumstances of this case, the Rodrigues Appellants' appeal

appears to be untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Pursuant to Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009),

> appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The requirement of a separate judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), is "not applicable to district court cases." Casumpang v. ILWU, Local 142, 91 Hawai'i at 427, 984 P.2d at 1253. In the instant case, however, it appears that the district court has not yet entered a judgment, order or decree that resolves all of the parties' claims, because the Plaintiff-Appellee's claim for breach of lease, seeking money damages, has not yet been resolved.

An exception to the general rule requiring a final judgment, order, or decree exists pursuant to the United States Supreme Court's holding in Forgay v. Conrad, 47 U.S. 201 (1848). The Supreme Court of Hawai'i has acknowledged the Forgay doctrine as "allow[ing] an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." Ciesla v. Reddish, 78 Hawai'i 18,

20, 889 P.2d 702, 704 (1995). Under the Forgay doctrine, an appellate court "ha[s] jurisdiction to consider appeals from judgments which [1] require immediate execution of a command that property be delivered to the appellant's adversary, and [2] the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation." Id. (citations, internal quotation marks omitted; some brackets omitted, some brackets added). Thus, in Ciesla v. Reddish, where a district court had entered a judgment for possession that did not, however, resolve an outstanding counterclaim in the case, the supreme court held that "the judgment for possession was a judgment immediately appealable under the Forgay doctrine." Id. However, as explained below, the appeal by the Rodrigues Appellants is untimely under the Forgay doctrine.

The Rodrigues Appellants purport to be appealing from the May 12, 2010 third amended judgment for possession, but the district court has actually entered four separate judgments for possession:

> (1) an April 17, 2009 judgment for possession that does not identify the subject real estate (April 17, 2009 judgment);
>
> (2) a December 24, 2009 first amended judgment for possession that appears to refer to the wrong address of the subject real estate parcel (December 24, 2009 judgment);
>
> (3) a January 11, 2010 second amended judgment for possession that refers to the correct address of the subject real estate parcel (January 11, 2010 judgment); and

(4)   a May 12, 2010 third amended judgment for possession that refers to the <u>correct</u> address of the subject real estate parcel (May 12, 2010 judgment).

The Supreme Court of Hawai'i has explained that, when a party appeals from a case in which a trial court has entered multiple judgments,

> [t]he general rule is that <u>where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment</u>, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

<u>Poe v. Hawaii Labor Relations Bd.</u>, 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted; emphasis added).

> If the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. <u>If</u>, however, <u>the amendment</u> has neither of these results, but instead <u>makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree</u>.

<u>Id.</u> (citations, internal quotation marks, and brackets omitted; emphases added).

It appears that the January 11, 2010 judgment amended both the April 17, 2009 judgment and the December 24, 2009 judgment in a material and substantial respect in that the January 11, 2010 judgment refers to the <u>correct</u> address of the subject real estate parcel. Therefore, the January 11, 2010 judgment appears to have triggered a new thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal.

In contrast, however, the May 12, 2010 judgment does not amend the January 11, 2010 judgment in a material and substantial respect. The substantive adjudication in the May 12, 2010 judgment is identical to the substantive adjudication in the January 11, 2010 judgment, including that both of these judgments refer to the correct address of the subject real estate parcel. Because the May 12, 2010 judgment did not amend the January 11, 2010 judgment in a material and substantial respect, the May 12, 2010 judgment did not trigger a new thirty-day time period under HRAP Rule 4(a)(1) within which a party had to assert an appeal. A timely appeal had to have been filed within thirty days of the January 11, 2010 judgment.

The Rodrigues Appellants did not file their May 28, 2010 notice of appeal within thirty days after entry of the January 11, 2010 judgment, as HRAP Rule 4(a)(1) required for a timely appeal. The Rodrigues Appellants did not file any post-judgment motions that would have tolled the thirty-day period pursuant to HRAP Rule 4(a)(3). Therefore, the Rodrigues Appellants' appeal is untimely under HRAP Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Accordingly,

IT IS HEREBY ORDERED that Appeal No. 30542 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai‘i, November 9, 2010.

Chief Judge

Associate Judge

Associate Judge